Russell G. Wheeler (RW8995)
Charny & Wheeler P.C.
42 West Market Street
Rhinebeck, New York 12572
Tel - (845) 876-7500
rwheeler@charnyandwheeler.com

Attorneys for Plaintiff Elizabeth Jansen

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH JANSEN,<br><br>Plaintiff,<br>v.<br><br>AJ3 MANAGEMENT SERVICES LLC and JAKE DERAAFF,<br><br>Defendants. | COMPLAINT<br><br>Index No. 26-cv-9781 |

Plaintiff Elizabeth Jansen, by and through undersigned counsel, brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and Article 6 of the New York State Labor Law ("NYLL"), N.Y. LAB §§ 190 et seq., to recover unpaid wages, unpaid overtime wages, unpaid spread of hours, and statutory wage notice and statement damages from defendants AJ3 Management Services LLC and Jake Deraaff (collectively, "Defendants"), and in support thereof states as follows.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, in that Plaintiff's claims are brought under the FLSA, 29 U.S.C. §§ 201, et seq.

2. The Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, in that such claims are so related to Plaintiff's claims under the

FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

3. The action properly lies within the Southern District of New York pursuant to 28 U.S.C. § 1391 in that defendant AJ3 Management Services LLC resides with said judicial district and all defendants in this action reside within the State of New York.

## PARTIES

4. Plaintiff Elizabeth Jansen is an adult female previously employed by Defendants and currently resides in Ulster County, New York.

5. At all relevant times, Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. § 203(e) and N.Y. LAB § 190(2) and its corresponding regulations, including 12 NYCRR 141-3.2 and 146-3.2.

6. At all relevant times, defendant AJ3 Management Services LLC (herein "AJ3" or "Corporate Defendant") was and is a domestic limited liability corporation with a principal place of business located at 44 Executive Boulevard, Suite 204, Elmsford, New York 10523.

7. At all relevant times, AJ3 operated as a property management firm for commercial and residential properties throughout New York state.

8. Upon information and belief, at all relevant times, defendant Jake Deraaff ("Defendant Deraaff") was and is President and/or Chief Executive Officer of Corporate Defendant and resides within the state of New York.

9. Upon information and belief, at all relevant times, Defendant Deraaff was and is an owner or co-owner of AJ3.

10. Upon information and belief, at all relevant times, Defendant Deraaff possessed actual authority to act on behalf of Corporate Defendant with regard to personnel matters and employee compensation.

11. Upon information and belief, at all times relevant herein, , defendant Deraaff exercised control over all aspects of the day-to-day functions of Corporate Defendant, including : (i) operational control over the operational enterprise, including actively managing, supervising, and directing the business operations; (ii) establishing the terms and conditions of employment of Plaintiff and others similarly situated; (iii) hiring and firing; (iv) having control over employee work schedules; (v) having the ability to determine the rate and method of employee compensation; and (iv) maintaining employment records.

12. At all relevant times, defendant Deraaff acted directly and indirectly in Corporate Defendant's interests in relation to its employees, including Plaintiff.

13. At all relevant times, Defendants have constituted an enterprise engaged in commerce, as defined by 29 U.S.C. § 203(s)(1), with, upon information and belief, a gross volume of business done of not less than $500,000 and with employees handling and working on goods or materials that have in or produced for commerce, as defined by 29 U.S.C. § 203(j).

14. At all relevant times, Defendants have been an employer within the meaning of 29 U.S.C. § 203(d) and N.Y. LAB § 190(2) and its corresponding regulations, including 12 NYCRR 142-2.2.

## STATEMENT OF FACTS

### The Motel at 1001 Stoll Court

15. Upon information and belief, Corporate Defendant at all relevant times operated a 9 unit motel located at 1001 Stoll Court, Kingston, New York (herein "the Motel").

16. Upon information and belief, the Motel at all relevant times offered lodging accommodations for hire to the public.

17. Upon information and belief, at all relevant times, the Motel was located in a city with a population of more than 15,000 and operated for more than seven months in each

calendar year.

18. Although, upon information and belief, the Motel was contracted with Ulster County Department of Social Services ("DSS") to provide emergency shelter for individuals and families experiencing homelessness, at all relevant times, the lodging provided by the Motel was available to the public and was not merely incidental to the care of persons who are impoverished or other public charges.

19. Upon information and belief, at all relevant times, neither Corporate Defendant nor the owner of Motel was organized exclusively for charitable purposes and at least a portion of their net earnings inured to the benefit to one or more private shareholders or individuals.

20. Upon information and belief, at all relevant times, the Motel was a hotel within the definition of 12 NYCRR 146-31(c).

21. Upon information and belief, the operation of Motel met the definition of a hospitality industry as set forth in 12 NYCRR 146-3.1.

Plaintiff's Employment By Defendants

22. On or about November 27, 2023 defendant Deraaff posted an advertisement to the Facebook group "Help Wanted or Job Needed in Ulster County" on behalf of AJ3 seeking a "motel manager" for the Motel:

> Hello everyone. We are looking for a motel manager to manage a 9 unit motel in Kingston Ny [sic]. We have a 2 bedroom apartment that this person can live in and depending on the commitment level can work out a deal where there is discounted rent to manage the motel.

23. In or around November 2023, Defendants hired Plaintiff as a "caretaker" for the Motel.

24. As "caretaker," Plaintiff's job duties were two-fold. First, Plaintiff was required to render physical service of the Motel, including cleaning the rooms and exterior, providing

minor repairs and maintenance to its facilities, and arrange for the performance of major repairs and maintenance by outside contractors. Second, Plaintiff was required to register and check-in guests, serve as the point of contact for guest complaints and inquiries, and be present on site to comply with DSS regulations when the Motel was hosting guests placed by that agency.

25. At all relevant times, Plaintiff spent more than two hours each day and more than 12 hours each week registering and checking-in guests, serving as the point of contact for guest complaints and inquiries, and being present on site to comply with DSS regulations when the Motel was hosting guests placed by that agency.

26. At no time relevant herein did Plaintiff customarily and regularly direct the work of two or more other employees, have the authority to hire or fire employees or provide suggestions and recommendations that were given particular weight as to personnel matters of other employees, or customarily and regularly exercise discretionary powers.

27. At no time relevant herein did Plaintiff's primary duty for Defendants consist of performing work directly related to management policies or general operations of Corporate Defendant, nor did Plaintiff customarily and regularly exercise discretion and independent judgment, work as an administrative assistant to Defendants or their employees, or perform under only general supervision work along specialized or technical lines requiring special training, experience or knowledge.

28. At no time relevant herein did Plaintiff's primary duty for Defendants consist of the performance of work requiring knowledge of an advanced type in a field of science or learning or original and creative in character in a recognized field of artistic endeavor.

29. At no time relevant herein was Plaintiff customarily and predominantly engaged away from the premises of Defendants and not any fixed site and location for the purpose of making sales, selling and delivering goods, or obtaining orders or contracts for service or for the

use of facilities.

30. At no time relevant herein was Plaintiff compensated by Defendants on a salary basis.

Plaintiff's Hours of Work and Compensation

31. Initially, Plaintiff's stated hours of work as "caretaker" for Defendants were from 9:00 am to 5:00 pm, Monday through Friday.

32. Beginning in or about December 2023 and continuing for the duration of her employment, Defendants required Plaintiff to be on site at the Motel 24 hours per day, seven days per week to be available to respond to any emergencies involving guests placed there by DSS and/or in the event that DSS conducted an unannounced visit to confirm that an employee of the Motel was present at all such times.

33. In the event that Plaintiff needed to leave the premises of the Motel for any reason, Defendants required her to arrange, at her own expense, for another individual to be present in her absence.

34. At all times relevant herein, when Plaintiff was on premises at the Motel, her responsibilities for Defendants were such that she was unable to use the time productively for his or her own purposes.

35. In lieu of compensation for her position as "caretaker" for the Motel, Defendants leased Plaintiff a two-bedroom unfurnished apartment on site with a monthly rent of $1,895 and provided her with a monthly lodging credit in the amount of $895 (later increased to $1,295). Defendants at all relevant times required Plaintiff to pay them the monthly difference between the amount of the lodging credit and the actual rent amount of the apartment. The terms of the lease included electricity and water/sewer; Plaintiff was responsible for supplying heating oil for the apartment.

36. At no time relevant herein was Plaintiff provided any other compensation by Defendants for the work she performed for them.

Defendants' Failure to Maintain Records And Provide Statutory Notices and Statements

37. Defendants never provided Plaintiff with any accounting of her work hours or compensation, including but not limited to amounts credited for lodging, her hours worked, or rates or amounts of pay.

38. Upon information and belief,  at no time relevant herein did Defendants maintain and records substantiating the cost of furnishing the apartment to Plaintiff, including but not limited to records required by 29 CFR § 516.27.

39. At no time relevant herein did Defendants provide Plaintiff a wage notice required by N.Y. LAB § 195(1)(a).

40. At no time relevant herein did Defendants provide Plaintiff with any wage statement as required by N.Y. LAB 195(3).

AS AND FOR A FIRST CAUSE OF ACTION
FAILURE TO PAY MINIMUM WAGES
IN VIOLATION OF ARTICLE 6 OF THE NYLL

41. Plaintiff repeats, realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

42. Defendants employed Plaintiff without providing compensation other than a lodging credit.

43. Pursuant to 12 NYCRR § 146-2.8, Defendants are not entitled to a take a lodging credit toward Plaintiff's pay because at all relevant times, Defendants charged Plaintiff additional money toward the rent of the apartment.

44. In the alternative, at all times relevant herein, the maximum valuation of the lodging credit as permitted by 12 NYCRR § 146-1.9(c) was less than the applicable minimum

wage to which Plaintiff was entitled pursuant to Article 6 of the NYLL and 12 NYCRR §§ 146-1.1(a) and 146-1.2.

45. As a consequence of the willful underpayment of wages alleged above, Plaintiff has incurred damages and Defendants are indebted to Plaintiff in the amount of the unpaid minimum wages pursuant to 12 NYCRR § 146-1.2, together with interest and liquidated damages, in an amount to be determined at trial, together with all relief available under Article 6 of the NYLL.

AS AND FOR A SECOND CAUSE OF ACTION
FAILURE TO PAY MINIMUM
WAGES IN VIOLATION OF THE FLSA

46. Plaintiff repeats, realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

47. Defendants employed Plaintiff without providing compensation other than a lodging credit.

48. Defendants are not entitled to take a lodging credit towards Plaintiff's pay because, upon information and belief, at no time relevant herein did Defendants maintain records required by 29 CFR § 516.27.

49. In the alternative, at all relevant times, the reasonable cost of the lodging provided to Plaintiff by Defendants was less than the minimum wage to which Plaintiff was entitled pursuant to the FLSA.

50. As a consequence of the willful underpayment of wages alleged above, Plaintiff has incurred damages and Defendants are indebted to Plaintiff in the amount of the unpaid minimum wages pursuant to the FLSA, together with interest and liquidated damages, in an amount to be determined at trial, together with all relief available under the FLSA.

AS AND FOR A THIRD CAUSE OF ACTION
FAILURE TO PAY OVERTIME
WAGES IN VIOLATION OF THE NYLL

51. Plaintiff repeats, realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

52. Defendants employed Plaintiff for workweeks longer than 40 hours and willfully failed to compensate her for the time worked in excess of forty 40 hours per week at a rate of at least one and one-half times the regular hourly rate, in violation of the requirements of Article 6 of the NYLL and its corresponding regulations, 12 NYCRR § 142-2.2.

53. As a consequence of the willful underpayment of wages alleged above, Plaintiff has incurred damages and Defendants are indebted to Plaintiff in the amount of the unpaid overtime compensations pursuant to 12 NYCRR § 142-2.2, together with interest and liquidated damages, in an amount to be determined at trial, together with all available relief under Article 6 of the NYLL.

AS AND FOR A FOURTH CAUSE OF ACTION
FAILURE TO PAY OVERTIME
WAGES IN VIOLATION OF THE FLSA

54. Plaintiff repeats, realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

55. Defendants employed Plaintiff for workweeks longer than 40 hours and willfully failed to compensate her for the time worked in excess of forty 40 hours per week at a rate of at least one and one-half times the regular hourly rate, in violation of the requirements of the FLSA.

56. As a consequence of the willful underpayment of wages alleged above, Plaintiff has incurred damages and Defendants are indebted to Plaintiff in the amount of the unpaid overtime compensations pursuant to the FLSA, together with interest and liquidated damages, in

an amount to be determined at trial, together with all available relief under the FLSA

AS AND FOR A FIFTH CAUSE OF ACTION
FAILURE TO PROVIDE WAGE
NOTICES IN VIOLATION OF THE NYLL

57. Plaintiff repeats, realleges, and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

58. Defendants employed Plaintiff without providing her the wage notice as required by N.Y. LAB § 195(1)(a).

59. As a consequence, Plaintiff is entitled to statutory damages under the NYLL. NYLL.

AS AND FOR A SIXTH CAUSE OF ACTION
FAILURE TO PROVIDE WAGE
STATEMENTS IN VIOLATION OF THE NYLL

60. Plaintiff repeats, realleges, and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

61. Defendants employed Plaintiff without providing her wage statements as required by N.Y. LAB § 195(3).

62. As a consequence, Plaintiff is entitled to statutory damages under the NYLL.

JURY TRIAL DEMAND

63. Plaintiff demands a jury trial on all issues, including damages.

REQUEST FOR RELIEF

Wherefore, Plaintiff requests the following relief:

i. Judgment against Defendants for willful violation of the FLSA and Article 6 of the New York Labor Law and its corresponding regulations, 12 NYCRR 142-2.1 et seq.;

ii. Liquidated and statutory damages as provided for by the FLSA and New York Labor Law;

iii. Pre- and post-judgment interest;

iv. All costs and attorneys' fees incurred in prosecuting these claims;

v. Any and all further relief available under the FLSA and Article of the New York Labor Law of the State of New York and its corresponding regulations, 12 NYCRR 142-2.1 et seq.; and

vi. Such other and further relief as the Court deems just and equitable.

Dated: Rhinebeck, New York
November 9, 2026

Russell G. Wheeler (RW8995)
Charny & Wheeler P.C.
42 West Market Street
Rhinebeck, New York 12572
(845) 876-7500
rwheeler@charnywheeler.com

Attorneys for Plaintiff Elizabeth Jansen